IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAMON LERON DAVIS (#2013-0613205), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 2957 |
| ) | |
| CHICAGO POLICE OFFICERS ) | |
| RICHARD TUNZI #9326, ADRIAN ) | |
| PEREZ #15624, MATTHEW SCOTT ) | |
| #5180 and DONALD BEESE #18662, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Damon LeRon Davis ("Davis") has utilized the printed form of a "Complaint Under the Civil Rights Act, Title 42 U.S.C. Section 1983" supplied by the Clerk's Office to sue four Chicago Police Officers for their asserted violations of his constitutional rights (1) by falsely arresting him on April 13, 2013 and (2) by committing perjury in connection with his later state court proceedings (including his criminal trial). Davis has accompanied his Complaint with another Clerk's-Office-supplied form: an In Forma Pauperis Application ("Application"), which is in turn accompanied by a printout of transactions in Davis' trust fund account at the Cook County Department of Corrections ("County Jail," where he has been and is in custody), that printout having been provided in compliance with 28 U.S.C. § 1915(a)(2).[1] This opinion first addresses the calculation called for by Section 1915(b)(1) and then turns to the initial screening called for by Section 1915A.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Even though it will be shown a bit later that Davis' action does not survive Section 1915A's threshold analysis, our Court of Appeals' teaching for nearly two decades (see Newlin v. Helman, 123 F.3d 429, 432-33 (7th Cir. 1997) and its progeny)[2] is that any prisoner who figuratively enters a federal courthouse door by filing a complaint must pay the full filing fee -- in advance if he or she can afford it, or on the installment plan if he or she is unable to pay up front. Because Davis is in that second category, this Court has made the calculation called for by Section 1915(b)(1)(A) and finds the average monthly deposits to Davis' trust fund account during the six-month period immediately preceding the first few days in March 2016 came to $30.83, 20% of which (id.) is $6.17.[3] Accordingly Davis is assessed an initial partial filing fee of $6.17 plus 20% of any deposits made to his trust fund account during the month of March 2016, and the County Jail's trust fund officer is ordered to collect that amount from Davis' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

---

[2] Another facet of the Newlin decision has been overruled in Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2003), but the Newlin principle next described in the text continues to be reconfirmed and remains good law today.

[3] Davis' lawsuit papers do not specifically identify the date of "filing" this action as established by the "mailbox rule" defined in Houston v. Lack, 487 U.S. 266 (1988). But with the certificate signed by the County Jail's trust fund officer having been dated February 29 (a date later than Davis' February 26 signature on his Complaint), the "mailbox rule" date had to be on or after that date, while the papers were received in the Clerk's Office on March 7. And with the trust fund account statement also having been dated February 29, the determination and calculation in the text are more than reasonable. It may be mentioned incidentally, though, that the trust fund officer's certification reports an average monthly deposit of $37.50, a figure that cannot be supported on any rational basis -- an error that confirms once again this Court's observations over the years that those institutional calculations are always unreliable (errors that are not necessarily blameworthy and are hardly an unexpected result, for the trust fund officers have no way of knowing the "mailbox rule" date and, consequently, the relevant six-month period).

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department.

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Davis may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Davis' name and the 16 C 2957 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this opinion to the County Jail trust fund officer.

With that essential preliminary subject taken care of, it is time to turn to the analysis called for by Section 1915A. Unfortunately for Davis, only brief scrutiny is required to reveal that his attempt to advance a 42 U.S.C. § 1983 action is frivolous in the legal sense (see Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989), applying what is now Section 1915(e)(2)(B)(i)).

Here in brief compass are the fatal flaws in Davis' two attempted claims:

1. All Illinois-based Section 1983 claims are subject to a two-year statute of limitations. That dooms Davis' contention based on his April 2013 arrest.

2. Davis' other contention, asserting that one or more of the defendant police officers offered perjured testimony at various phases of his

criminal proceedings, runs head-on into the absolute immunity from such claims that was announced more than three decades ago in Briscoe v. LaHue, 460 U.S. 325, 332 (1983) and that has been consistently reconfirmed since that seminal decision.

Because there is no way in which Davis can reshape his allegations to overcome those fundamental defects, not only his present Complaint but this action in its entirety must be and are dismissed with prejudice, and his Application (Dkt. No. 3) is of course denied.

Some tag ends of a procedural nature should also be addressed in Davis' interest. First, this opinion's determination of his action's legal frivolousness makes the dismissal here a "strike" under Section 1915(g). Second, if Davis wishes to appeal from this dismissal, he must file a notice of appeal with this District Court within 30 days of the entry of judgment (Fed. R. App. P. 4(a)(1)), in which event he will also be liable for the appellate filing fees of $505 (again on an installment basis), and he could incur another "strike" if the appeal were found nonmeritorious.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 4, 2016